IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LORENZO WATKINS,            )
                            )
        Plaintiff,          )
                            )
v.                          )   Case No. 5:11-cv-01528-LSC-TMP
                            )
WARDEN BILLY MITCHEM, et al., )
                            )
        Defendants.         )

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 31, 2012, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) as frivolous on the basis of *res judicata*. (Doc. 9.) Plaintiff filed objections to the report and recommendation on June 15, 2012. (Doc. 10.) Plaintiff argues in his objections that: (1) this action is not barred by *res judicata*; (2) the *Rooker-Feldman* doctrine applies to preclude dismissal of his case; and (3) the court may exercise supplemental jurisdiction over his claims. (Doc. 10.)

*Res judicata* bars relitigation of all matters decided in a prior proceeding if: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *See Jang v. United Tech. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (quoting *Israel Discount Bank, Ltd. v. Entin*,

951 F.2d 311, 314 (11th Cir. 1992)). Plaintiff previously filed suit in state court against Defendants Mitchem, Wallace, and Halbrooks for denial of due process and equal protection with regard to his placement in administrative segregation (Compl. at 4-5).[1] Additionally, the action resulted in a final judgment against plaintiff on the merits. *Id.* Despite plaintiff's arguments to the contrary, *res judicata* bars his due process and equal protection claims against Mitchem, Wallace, and Halbrooks because the same claims against the same defendants were litigated in state court as are now asserted in this court.

Plaintiff further argues that the *Rooker-Feldman* doctrine applies to preclude dismissal of his case. Plaintiff misinterprets this doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). Therefore, if the *Rooker-Feldman* doctrine applies, as plaintiff contends, his action would be subject to dismissal for this court's lack of subject matter jurisdiction.[2]

---

[1] The court also takes judicial notice of *Watkins v. Mitchem*, 50 So. 3d 485 (Ala. Civ. App. 2010).

[2] Plaintiff now claims in his objections that he does not wish to relitigate his claims in federal court but rather requests "federal review of the state court proceedings for error." (Doc. 10 at 3.) Such review is exactly what *Rooker-Feldman* prohibits. *See Casale v. Tillman*, 558 F.3d

Lastly, plaintiff contends that this court can exercise supplemental jurisdiction over his constitutional claims. However, plaintiff misunderstands the concept of supplemental jurisdiction. If a federal court has subject matter jurisdiction over a party's constitutional claims, it may exercise supplemental jurisdiction to also consider any state law claims brought in the same action. However, plaintiff does not purport to bring state law claims against the defendants. Even if he did, such claims would be subject to dismissal once his constitutional claims are dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) as frivolous. A Final Judgment will be entered.

Done this 6th day of July 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458

---

1258, 1261 (11th Cir. 2009) ("The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.").